IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUN 14  AM 8: 57

CLERK_____
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SAMMIE LEE BROWN,              )
                               )
        Petitioner,            )
                               )
    v.                         )        CV 110-057
                               )
VICTOR WALKER, Warden,         )
                               )
        Respondent.            )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Hancock State Prison in Sparta, Georgia, brought

the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the

Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action

be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Walker.

### I.    BACKGROUND

Petitioner was indicted by a grand jury on October 30, 2003, for two counts of

aggravated child molestation and two counts of child molestation. (Doc. no. 6, Ex. 4, pp. 57-

60.) Petitioner was tried before a jury on June 23-24, 2004, and convicted on two counts of

aggravated child molestation. (Id. at 113, 115, 255.) Petitioner was sentenced to seventeen

years incarceration followed by thirteen years probation. (Id. at 115.) Following the denial

of a motion for new trial, Petitioner appealed his convictions. (Id. at 49, 249.)  In his direct

appeal, Petitioner raised the following arguments:

(1)     he received ineffective assistance of counsel at trial due to his counsel's failure to consult with him on important decisions, to keep him informed about developments, to file a motion to suppress statements, to object to the introduction of his character and prior criminal history, and to file an alibi defense;

(2)     there was insufficient evidence to support Petitioner's convictions;

(3)     the trial court abused its discretion by permitting child hearsay testimony;

(4)     the prosecution withheld evidence;

(5)     the prosecution did not have, at the time of sentencing, certified copies of Petitioner's prior convictions, therefore sentencing under the recidivist statute was not harmless error; and

(6)     the trial court failed to properly instruct the jury.

(Id. at 566-81.) On May 25, 2007, the Georgia Court of Appeals rejected Petitioner's contentions and affirmed his convictions. (Id. at 31-36.)

On June 29, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Telfair County. (Id. at Ex. 1.) Petitioner raised the following claims in his state habeas petition:

(1)     that there was a lack of probable cause for his arrest because the arrest affidavit contained false testimony, as well as the willful omission of testimony favorable to Petitioner from an alleged third victim who Petitioner was not charged in connection with;

(2)     that the trial court violated his constitutional rights by refusing to conduct an in camera inspection of the DFCS file of one of Petitioner's victims;

(3)     that the trial court erred by admitting videotaped interviews of two of Petitioner's victims because:

    (a)     it deprived Petitioner of his right to confront and cross-examine the victims;

    (b)     it shifted the burden of proof to Petitioner; and

2

(c) the trial court failed to hold a prerequisite hearing before admitting the tapes;

(4) that witnesses should not have been allowed to testify about statements made by Petitioner's victims under the Georgia Child Hearsay Act, O.C.G.A. 24-3-16, because the victims were not available to testify at trial;

(5) that the State should not have been allowed to impeach its own witness because it failed to show entrapment or surprise based on the witness's testimony, and that the State violated Petitioner's due process and confrontation rights by failing to provide Petitioner with a copy of the tape recording used to impeach that witness;

(6) that the State knowingly used false testimony and misleading evidence when it allowed its witnesses to testify about an allegation made by one of Petitioner's victims that had previously been impeached by other testimony;

(7) that Petitioner's Fifth Amendment rights were violated in relation to his grand jury indictment because:

(a) the removal of the date from the indictment broadened the scope of the charges against Petitioner, thereby prejudicing him;

(b) the State's failure to re-submit a copy of the indictment to the jury deprived Petitioner of a fair trial; and

(c) the State improperly placed Petitioner's character at issue by testifying about unindicted charges;

(8) that the prosecution failed to prove each element of the alleged offense of aggravated child molestation, beyond a reasonable doubt;

(9) that the trial court erred by enhancing Petitioner's sentence under the recidivist statute because the State failed to provide timely notice of its intent to seek such a sentence enhancement, as well as the prior convictions it intended to utilize;

(10) that his trial counsel was ineffective by:

(a) failing to pursue an alibi defense;

(b) failing to investigate, subpoena, and make available several witnesses favorable to Petitioner's defense; and

3

(c)     failing to object at trial regarding claims 1-7, and 9;

(11)    that his appellate counsel was ineffective by:

    (a)     failing to investigate several witnesses favorable to Petitioner's defense;

    (b)     allowing Petitioner's trial counsel to give false testimony; and

    (c)     failing to raise the issues discussed in claims 1-3 and 6-8, on appeal; and

(12)    that his appellate counsel deprived Petitioner of his right to testify by threatening to withdraw if Petitioner testified, because the judge did not want Petitioner to testify.

(Id.) Petitioner's state habeas corpus claims were denied on August 7, 2009. (Id.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal ("CPC") on March 15, 2010. (Id. at Ex. 3.)

Petitioner then timely filed the above-captioned petition. (Doc. no. 1.) Petitioner raises four general grounds with multiple subparts as grounds for relief in his federal petition:

(1)     (a)     Petitioner alleges that there was a lack of probable cause for his arrest because the arrest affidavit contained the willful omission of testimony favorable to Petitioner from an alleged third victim who Petitioner was not charged in connection with, and that:

    (b)     his trial counsel was ineffective by failing to raise this issue at trial;

    (c)     his appellate counsel was ineffective by failing to raise this issue on appeal; and

    (d)     the state habeas court lacked the jurisdiction to render a decision on this issue.

(2)     (a)     Petitioner alleges that the trial court violated his rights to discovery by failing to conduct an in camera inspection of the DFCS file of one of Petitioner's victims, and that:

4

(b) his trial counsel was ineffective by failing to raise this issue at trial;

(c) his appellate counsel was ineffective by failing to raise this issue on appeal; and

(d) the state habeas court lacked the jurisdiction to render a decision on this issue.

(3) (a) Petitioner alleges that the trial court violated his right to confront and cross examine his accusers by playing videotaped interviews of Petitioner's victims instead of calling them to the stand.

(b) Petitioner claims that his constitutional rights were further violated because he had no representative present during the filming of the interviews.

(c) Petitioner also alleges that the videotapes are not constitutionally sufficient evidence to support a guilty verdict.

(d) Petitioner further alleges that the playing of the videotapes of the victims instead of a direct examination shifted the burden of proof to Petitioner.

(4) (a) Petitioner alleges that the admission at trial of the testimony of Dr. Dulin regarding an interview with one of Petitioner's victims should not have been admitted because:

(b) it violated Petitioner's right to confront his accusers;

(c) it did not fall within any "traditional hearsay exception;" and

(d) Dr. Dulin failed to take procedural safeguards when conducting the interview.

(Id.) Respondent asserts that Petitioner is not entitled to relief on his asserted claims and/or that his claims are procedurally defaulted. (Doc. no. 5.)

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially

6

indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. ___, 130 S. Ct. 841, 848-49 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and goes on to relate that the habeas petitioner has the burden of rebutting that

7

presumption "by clear and convincing evidence."[1]

## III.  DISCUSSION

### A.  Defaulted Claims

#### 1.  Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state

---

[1] Both the Supreme Court and the Eleventh Circuit have explicitly declined to delineate the precise relationship between § 2254(d)(2) and § 2254(e)(1). See Wood, 130 S. Ct. at 849 ("Although we granted certiorari to resolve the question of how §§ 2254(d)(2) and (e)(1) fit together, we find once more that we need not reach this question, because our view of the reasonableness of the state court's factual determination in this case does not turn on any interpretive difference regarding the relationship between these provisions."); Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 747 (11th Cir. 2011) ("We have not yet had an occasion to completely define the respective purviews of (d)(2) and (e)(1), and this case presents no such opportunity."). It is clear, however, that if a state court's factual determination is reasonable in light of the evidence presented in the state court proceeding, as set forth in § 2254(d)(2), then the claim will, in all likelihood, also fail under the "arguably more deferential standard set out in § 2254(e)(1)." Wood, 130 S. Ct. at 849. Here, as explained below, the Court does not find any of the state court's factual determinations to be inadequate under any standard possibly applicable under § 2254. Accordingly, this case does not turn on the distinction between § 2254(d)(2) and § 2254(e)(1), and the Court need not address the question left open in Wood and Cave, supra.

8

prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[2] state procedural grounds, the district

---

[2]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal

9

court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the

---

claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted). Additionally, the Supreme Court recently made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011) (citing Beard v. Kindler, 558 U.S. ___, 130 S. Ct. 612 (2009) (stating that a discretionary state procedural rule can serve as an adequate procedural bar to federal habeas review because such a rule is considered "firmly established")).

claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural

rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[3]  A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997).   The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986). The Supreme Court has also recognized a limited category of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Walker 131 S. Ct. at 1128 n.4 (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002)).

## 2.    Petitioner's Defaulted Claims

Petitioner did not raise the claims asserted in Ground Three - subsection (c),[4] or

---

[3]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they . . . infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

[4]Respondent fails to address the claims Petitioner asserts regarding the videotaped interviews of Petitioner's victims as raised in Ground Three of his federal petition. (See doc. no. 5.) What Respondent labels as "Ground Three" in his response is labeled "Ground Four" in Petitioner's petition and throughout this Report and Recommendation. (See doc. no. 5, p. 9; doc. no. 1, p. 8.)  However, a review of Petitioner's brief to the Georgia Court of Appeals and his state habeas petition reveals that he did not argue in state court that the videotapes were not constitutionally sufficient to support a guilty verdict as he now attempts to do in Ground Three - subsection (c). (See doc. no. 6, Ex. 1; Ex. 4, pp. 566-81.)  Instead, he argued that the videotapes violated his confrontation rights, as discussed, *infra*, in footnote 6.

Ground Four - subsections (a) through (d),[5] of his federal habeas petition in any state court. Under Georgia's successive petition statute discussed previously, state remedies are no longer available to Petitioner on these claims. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327. Although Petitioner claims ineffective assistance of both trial and appellate counsel based on their alleged failure to bring these claims, as discussed, *infra*, Petitioner's claims of ineffective assistance are either defaulted or fail on the merits. Additionally, Petitioner has not shown that a miscarriage of justice will occur if the Court does not consider these claims. Accordingly, the Court concludes that these claims have been defaulted and therefore do not provide a basis for federal habeas relief.

Petitioner previously presented the following claims raised in his federal habeas petition to the state habeas court: 1) that there was a lack of probable cause for his arrest as stated in Ground One - subsection (a); 2) that the trial court violated his discovery rights by failing to conduct an in camera inspection of the DFCS file of one of his victims as stated in Ground Two - subsection (a); 3) that his trial counsel was ineffective for failing to bring the arguments in subsection (a) of Grounds One and Two as stated in subsection (b) of Grounds

---

[5]Petitioner previously argued on direct appeal and in his state habeas petition, that the trial court violated his constitutional rights by allowing child hearsay testimony. (See doc. no. 6, Ex. 1, pp. 6-7; Ex. 4, pp. 573-77.) Here, however, Petitioner is not arguing that the trial testimony of Dr. Dulin should not have been allowed as child hearsay testimony. (See doc. no. 1, p. 8.) Rather, Petitioner argues that the testimony violated his rights under the Confrontation Clause, did not fall within any traditional hearsay exception, and lacked "particularized guarantees of trustworthiness" because Dr. Dulin did not exercise procedural safeguards. (Id.) As such, both the ruling of the Georgia Court of Appeals and the finding of *res judicata* by the state habeas court were based on Petitioner's arguments regarding child hearsay testimony, and not the arguments presented here. Thus, the claims Petitioner brings in Ground Four of his federal habeas petition regarding Dr. Dulin were not brought in any state court and are therefore defaulted.

One and Two; and 4) his allegations regarding the videotaped interviews of his victims as stated in subsections (a), (b) and (d) of Ground Three.[6] The state habeas court found those claims to be defaulted because they had not been raised at trial or on direct appeal. (Doc. no. 6, Ex. 2 (citing O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 754).) The state habeas court also concluded that Petitioner had not demonstrated cause and prejudice to overcome the procedural default. (Id.) Respondent contends that this Court should defer to the state habeas court's findings on these issues. (Doc. no. 5, pp. 6-8.)

The procedural default rule relied upon by the state habeas and appellate courts constitutes an independent and adequate state procedural ground in that it is exclusively a state doctrine and it is regularly applied by Georgia state courts. See Walker, 131 S. Ct at 1127-31; Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004), *abrogated on other grounds by* Hightower v. Schofield, 545 U.S. 1124 (2005); Defuentes v. Dugger, 923 F.2d 801, 803 (11th Cir. 1991). Thus, this Court is barred from considering the claim unless

---

[6]Even though Respondent did not address the claims alleged by Petitioner in Ground Three, a cursory glance at the decision of the state habeas court reveals that the claims in Ground Three - subsections (a), (b), and (d) were found to be procedurally defaulted by that court. (Doc. no. 6, Ex. 2, pp. 8-10.) However, a review of Petitioner's brief to the Georgia Court of Appeals reveals that he did in fact argue that his confrontation rights were violated by the playing of the videotaped interviews of his victims, just as he argues here in Ground Three- subsection (a). (Id. at Ex. 4, p. 577.) Yet, even if this argument is not procedurally barred as the state habeas court concluded, it still fails on the merits as discussed by the Georgia Court of Appeals. As correctly pointed out by the Georgia Court of Appeals, both victims were available to testify at trial, but defense counsel chose not to call them to the stand. (Id. at 33 (citing Berman v. Georgia, 632 S.E.2d 757, 760 (Ga. Ct. App. 2006) (finding that the plaintiff's failure to object at trial to the admission of the victim's videotaped interview waived his right to a claim of error on appeal based on admission of that evidence)). Thus, Petitioner waived his right to claim error based on the admission of the videotapes due to his failure to either attempt to call the victims to the stand or to object to the videotaped interviews at the trial stage.

14

Petitioner can show cause and prejudice sufficient to overcome his default or that a fundamental miscarriage of justice has occurred. Although Petitioner makes multiple claims of ineffective assistance of appellate counsel that might excuse his default, see Turpin, 493 S.E.2d at 906, as explained, *infra*, the Court determines that the state habeas court properly concluded that Petitioner's appellate counsel rendered effective assistance. Thus, Petitioner's claims of ineffectiveness of appellate counsel do not suffice to excuse his procedural default. Furthermore, Petitioner has failed to present any other evidence to suggest that appellate counsel was ineffective or otherwise demonstrate cause as to why his procedural default should be excused.[7] Because subsections (a) and (b) of Grounds One and Two, as well as the entirety of Grounds Three and Four, have been defaulted-and this default has not been excused- these claims are barred from review and do not provide a basis for granting federal habeas corpus relief.

## B. Ineffective Assistance of Appellate Counsel

### 1. Law Governing Ineffective Assistance Claims

In subsection (c) of Grounds One and Two of his federal petition, Petitioner alleges that his appellate counsel was ineffective for failing to raise on appeal the claims he raised in subsection (a) of Grounds One and Two. Petitioner presented these claims in his state habeas petition. However, specifically applying the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), United States v. Frady, 456 U.S. 152 (1982), and Turpin v. Todd, 493 S.E.2d 900 (Ga. 1997), the state habeas court determined that Petitioner's

---

[7]Because Petitioner has not demonstrated cause, the Court does not reach the issue of prejudice. See Johnson, 256 F.3d at 1171.

appellate counsel acted well within the constitutional parameters of reasonableness in her representation of Petitioner. (Doc. no. 6, Ex. 2.)

As correctly noted by the state habeas court, ineffective assistance of counsel claims are analyzed under the two-prong test set forth by the Supreme Court in Strickland v. Washington.[8] To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his appellate counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694. The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)); see also Cave 638 F.3d at 747. Put another way, because the standards created by Strickland and § 2254(d) are both highly deferential, when the two are applied in tandem, the standard becomes doubly deferential. See Premo v. Moore, 131 S. Ct. 733, 740 (2011) (quotation marks and citations omitted).

---

[8]The Strickland test applies to claims of ineffective assistance of both trial and appellate counsel. See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991).

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [appellate] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly

harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Furthermore, in the appellate context, the Court recognizes that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983). It is up to appellate counsel to winnow out weaker arguments and select the most promising issues for review. Id. at 751-52. Indeed, the appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . ." Evitts v. Lucey, 469 U.S. 387, 394 (1985).

### 2. Appellate Counsel's Failure to Raise Arguments in Subsection (a) of Grounds One and Two

In order to assess Petitioner's claim that his appellate counsel had been ineffective, the state habeas court heard testimony from Petitioner's appellate counsel, Ms. Barnes. At the hearing, Ms. Barnes testified she has been practicing law since the early 1990's, with a focus on domestic and criminal law. (Doc. no. 6, Ex. 4, p. 11.) Ms. Barnes testified that, in preparing to draft Petitioner's brief to the Georgia Court of Appeals, she reviewed the transcript of Petitioner's trial and communicated with Petitioner, both in person and through the mail. (Id. at 18.) Ms. Barnes stated that she determined that several of the grounds that Petitioner wanted to raise, including ineffective assistance of trial counsel, insufficiency of the evidence, and error in admitting child hearsay, among others, had merit. (Id. at 12, 18.) She went on to testify that she raised the grounds that she felt had merit, and that there were

no other meritorious grounds that she could have raised. (Id. at 18.) Based on the trial record, Ms. Barnes's qualifications, and Ms. Barnes's testimony that she appealed the issues that she found to have merit, the state habeas court determined that Petitioner had not received ineffective assistance of appellate counsel. (Id. at Ex. 2, pp. 3-8.)

Although Petitioner claims that his appellate counsel was ineffective for failing to assert the alleged errors raised in subsection (a) of Grounds One and Two of his federal petition, the state habeas court concluded otherwise. The state habeas court first examined Petitioner's claim that Ms. Barnes should have argued that there was a lack of probable cause for Petitioner's arrest due to the willful omission of testimony favorable to Petitioner from an alleged third victim. The state habeas court noted that Ms. Barnes testified that she did not see any prejudice to Petitioner's case resulting from the failure to include the testimony of the alleged third victim in Petitioner's arrest affidavit. (Id. at Ex. 2, p. 3; Ex. 4, p. 13.) Nor did she feel that the failure to indict Petitioner on charges related to the third alleged victim would have indicated that the charges against Petitioner regarding the other two victims were false. (Id. at Ex. 2, p. 3; Ex. 4, p. 19.) In fact, Ms. Barnes testified that, based on her review of the case, she felt that there had been probable cause to charge Petitioner. (Id. at Ex. 2, pp. 3-4; Ex. 4, p. 16.)

The state habeas court next turned to Petitioner's allegation that his appellate counsel had been ineffective by not arguing that Petitioner's discovery rights were violated by the trial court's failure to conduct an in camera inspection of the DFCS file of one of his victims. (Id. at Ex. 2, p. 6.) In her testimony, Ms. Barnes identified a document presented to her as an order from the trial judge ordering an in camera inspection of the DFCS file that Petitioner

alleges was not inspected. (Id. at Ex. 4, p. 16.) The state habeas court also noted that Petitioner's trial counsel had subpoenaed all of the DFCS documents relating to the victim at issue, and that the trial court entered an order stating that it would conduct an in camera inspection of those records. (Id. at Ex. 2, p. 6.)

As a result of its review of the trial records, Ms. Barnes's testimony, and its application of the principles set forth in Strickland, the state habeas court determined that Petitioner's appellate counsel acted reasonably in her representation of Petitioner and in her decisions regarding what issues to raise on appeal. (Id. at Ex. 2, p. 5.) The state habeas court also determined that Petitioner failed to establish any actual prejudice resulting from Ms. Barnes's representation. (Id. at 7-8.) Furthermore, the state habeas court found that Petitioner failed to establish that the issues which he now asserts should have been raised on appeal were so strong, or so much stronger than those raised by counsel, that only an incompetent attorney would have failed to raise them. (Id. at 5.)

The Court notes that Petitioner offers no additional evidence, much less "clear and convincing evidence," in his federal habeas petition to undermine or contradict the factual determinations of the state court. Furthermore, a review of the state habeas court's decision does not indicate that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding. Nor does it appear that the state habeas court unreasonably applied Strickland to the facts of Petitioner's case in an objectively unreasonable manner. Therefore, Petitioner's claims in subsection (c) of Grounds One and Two are without merit and should be denied.

### C.      Petitioner's Remaining Grounds

Petitioner alleges in subsection (d) of Grounds One and Two, that the state habeas court lacked the jurisdiction to render a decision on his claims in subsection (a) of Grounds One and Two because those claims each presented a "federal issue." (Doc. no. 1, pp. 6-7.) These allegations are not defaulted because, as they address the jurisdictional authority of the state habeas court, Petitioner's first opportunity to raise the allegations was in his federal habeas petition. See Smith, 256 F.3d at 1139 (stating that a claim is procedurally defaulted if the petitioner had the opportunity to bring the claim in state court and failed to do so).

Nonetheless, the state habeas court has the jurisdiction to hear Petitioner's claims based on federal law, and thus, these allegations are without merit. As stated, *supra*, in addressing the exhaustion requirement under 28 U.S.C. §§ 2254(b)(1)(A) & (C), the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the **state inmate's federal claims**. Castille, 489 U.S. at 351. Thus, the federal statute governing petitions brought pursuant to § 2254 not only contemplates the adjudication of federal claims by state courts- it requires it. See id. Therefore, Petitioner's argument in subsection (d) of Grounds One and Two, that the state habeas court lacked jurisdiction to hear his claims based on "federal issues" is without merit and should be denied.

Additionally, as correctly pointed out by Respondent, allegations of infirmities in state habeas proceedings are not valid grounds for federal habeas corpus relief. (Doc. no. 5-1, p. 8 (citing Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004).) Therefore, as Petitioner's allegations regarding the jurisdiction of the state habeas court are only collateral

21

to his detention, these allegations fail to state a cognizable basis for habeas relief. <u>See</u> <u>Spradley v. Dugger</u> 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that a petitioner's claim that involves issues unrelated to the cause of the petitioner's detention does not state a basis for habeas relief).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Walker.

SO REPORTED and RECOMMENDED this 14 day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE