IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMMIE LEE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 110-057 |
| | ) | |
| VICTOR WALKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections (doc. no. 12) have been filed.[1] Petitioner argues for the first time in his objections that Respondent failed to comply with Rule 5 of the Rules Governing Section 2254 Cases because he did not submit the entirety of the State Habeas transcript. (Doc. no. 12, p. 2.) According to Petitioner, a brief that he submitted at the State Habeas hearing should have been submitted by Respondent; Petitioner maintains that had the brief been included, it would have established that certain, unspecified claims that the Magistrate Judge determined were barred from federal habeas corpus review were in fact eligible for federal review. (Id.) The Court is unpersuaded.

First, the certified State Habeas transcript submitted by Respondent does not list a brief as an exhibit. (Doc. no. 6, Ex. 4, p. 2.) The two exhibits listed, Petitioner's Exhibits

---

[1] Petitioner requested, and received, an extension of time to file his objections. (Doc. nos. 10, 11.)

1 and 2, were discussed and admitted starting at page 21 of the transcript. (Id. at 21.) The brief about which Petitioner now argues was not admitted into evidence, and the judge stated that he would accept the brief as Petitioner's closing argument; there is no indication that the brief was accepted as an amendment to the petition. (Id. at 28.) As the brief was not admitted into evidence and was not listed by the court reporter as part of the certified transcript, the Court cannot find fault with the failure to submit it as part of the State Habeas transcript required by Rule 5.

Moreover, Petitioner did not raise this issue of a missing brief when the response was filed. Rather, he waited approximately one year until the Magistrate Judge explained that certain claims were barred from federal review to argue that such claims were in fact raised in a missing brief. The timing of the argument, as well as the lack of specific details concerning what was allegedly raised in the brief and the relationship of such issues to the Magistrate Judge's analysis, further undermines Petitioner's objection. In sum, this objection concerning the missing brief, and all other objections raised by Petitioner, are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 27th day of July, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

3